UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DeWAUN A. BERRY, | ) |
| | ) |
|        **Plaintiff,** | ) |
| v. | )   No.: 20-cv-4270-MMM |
| | ) |
| SHERIFF JERRY BUSTOS, *et al.*, | ) |
| | ) |
|        **Defendants.** | ) |

## MERIT REVIEW

Plaintiff, proceeding *pro se*, filed a complaint in federal Court identifying a negligence claim against Rock Island County Sheriff Bustos and Rock Island County Jail ("Jail") medical staff. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Plaintiff alleges that on November 23, 2020, he was taken from C Block to segregation. He also asserts that on that date, inmate Glover who was also housed on C Block, had a temperature of 108°. Plaintiff does not claim that he and Glover were cellmates and does not describe any close contact he had with Glover.

Plaintiff alleges that on November 29, 2020, after inmate Glover tested positive for coronavirus, Plaintiff was taken back to C Block. On December 5, 2020, Plaintiff tested positive for coronavirus, something he believes to be the result of his having been returned to C Block which he describes as "a contaminated pod." Plaintiff asserts that he contracted the virus due to the negligence of Defendant Bustos and the healthcare team as they had "the power to stop me from becoming infect with the virus." Plaintiff claims that he is at particular risk of suffering adversely from coronavirus as he has only one kidney. While Plaintiff claims to have lost his sense of taste and smell, he does not describe any other ill-effects.

## ANALYSIS

Although he used a preprinted complaint form and had the opportunity to designate his claim as having been filed under § 1983, Plaintiff did not do so, identifying his claim as one for negligence. Allegations of negligence, however, do not reach the level of a constitutional violation. To establish a constitutional claim Plaintiff, as a pretrial detainee, must successfully plead that the conditions under which he was held were objectively unreasonable, in violation of the Fourteenth Amendment. Negligence on the part of an official does not violate the Constitution, and it is not enough that he or she should have known of a risk." *Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004).

As a result, the complaint must be dismissed. Plaintiff will be given an opportunity to replead, however, in the event that he is able to state a cognizable federal claim.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff will have 30 days from the entry of this order in which to replead his claims. The pleading is to be captioned Amended Complaint and is to

include all of Plaintiff's claims without reference to a prior pleading. Failure to file an amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim.

    2.    Plaintiff files [4] a motion for recruitment of *pro bono* counsel but does not indicate that he attempted to secure counsel on his own. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). [4] is DENIED at this time. In the event that Plaintiff renews his motion for appointment of counsel, he is to provide copies of the letters sent to, and received from, prospective counsel.

ENTERED:   4/1/2021

                                      s/ Michael M. Mihm
                                      MICHAEL M. MIHM
                             UNITED STATES DISTRICT JUDGE